IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 12-70 Erie |
| ) | |
| ZAVIA L. JOHNSON ) | |
| a/k/a Lester Hayes ) | |
| a/k/a Xavier Johnson ) | |

## Opinion & Order on Pretrial Discovery Motions

Zavia L. Johnson, *aka* Lester Hayes, *aka* Xavier Johnson, is charged in a one-count indictment with possession with intent to distribute 100 grams or more of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i). The indictment arose out of a traffic stop conducted by the Pennsylvania State Police of a vehicle driven by the Defendant on November 2, 2012. Among other events occurring during the traffic stop, a search warrant was obtained to search Defendant's vehicle after a drug detection canine alerted for the presence of drugs.

The Defendant has filed a Motion to Suppress Evidence Obtained as the Result of an Unlawful Search and Seizure (ECF No. 22) and a Motion to Amend Case Caption (ECF No. 23). An evidentiary hearing to address these motions was set for March 10, 2014; however, the hearing has been continued to a date to be determined at the request of defense counsel.

Prior to filing the motion to continue the hearing, counsel for Defendant filed a Motion to Permit Expert Witness to Testify by Videoconference Call (ECF No. 30), to which the government has objected. In addition, the government has filed a Motion to Quash Subpoena (ECF No. 34), asking us to quash a subpoena issued by the defense to the Pennsylvania State Police in which the defense seeks the production of documents concerning the canine team involved in the stop of Defendant's vehicle on November 2, 2012. We address these latter two motions now.

1

I.      **Motion to Quash Subpoena**

Defense counsel served a "Subpoena to Testify at a Hearing or Trial in a Criminal Case," on the Commissioner of the Pennsylvania State Police commanding the Custodian of Records to appear at the suppression hearing on March 10, 2014 and to bring documents related to Canine Team #54 (Corporal Brian Peters and "Iggy") to the hearing.  Ex. 1 to Mot. to Quash.  The cover letter accompanying the Subpoena states that counsel is "also serving a subpoena upon Major Keith Stone requesting the same materials."  Id.  Defense counsel further explains that it will not be "necessary for [Major Stone] to appear at the hearing as long as the requested documents are provided to [defense counsel] by March 5, 2014."  Id.

The government requests that we quash this subpoena as an improper use of Federal Rule of Criminal Procedure Rule 17.  Gov. Mot. to Quash.  The government contends that the subpoena should be quashed because it is an improper attempt at obtaining discovery.  Id. 3-4.  The government notes that the defense has already properly requested documentation regarding the canine team from the government via Rule 16.  Id. 1-2.  In addition, the government argues that the subpoena should be quashed because defense counsel failed to seek the Court's permission to allow the documents to be produced prior to the date of the hearing, and failed to direct that materials provided in advance of a hearing are to be delivered to the Court, not counsel.  Id. 4.

In response, defense counsel points out that the subpoena does not direct the Commissioner to provide records in advance of the hearing, and that defense counsel was merely offering the option to the Commissioner to provide the documents in lieu of appearing at the hearing.  Def. Reply ¶¶ 2, 5.  As a substantive matter, defense counsel explains that

> [T]he information requested is highly relevant to the issues to be determined by the court at the time of the suppression hearing. The government contends that a drug detection dog, "Iggy," alerted to the presence of drugs in the defendant's vehicle. It is the defendant's position that Iggy did not "alert." The documents requested go to the heart of that issue.

Id. ¶ 4. Finally, defense counsel acknowledges that the documents have been requested from the government but that since the government has not yet provided the requested documents it "necessitated the serving of the subpoena" to obtain the document prior to the hearing. Id. ¶ 6.

We agree with the government and will quash the subpoena. Rule 17 is not a discovery mechanism and it appears that it was used by defense counsel in order to circumvent Rule 16. In addition, despite defense counsel's explanation regarding the wording of the subpoena it is clear that defense counsel wanted the document's delivered in advance of the hearing and thus they sought the material without seeking permission from the Court for the issuance of a subpoena with a return date prior to the date of hearing. See Fed.R.Crim.P. 17(c)(1). We recognize that defense counsel's main goal appears to be to obtain the documents in order to be prepared for the suppression hearing. However, defense counsel must follow the proper avenue for obtaining the material.

Accordingly, IT IS HEREBY ORDERED that the Subpoena to Testify at a Hearing or Trial in a Criminal Case directed to Frank Noonan, Commissioner of the Pennsylvania State police is hereby QUASHED.

IT IS FURTHER ORDERED that defense counsel shall disclose to the Court any other subpoenas they have issued pursuant to Rule 17 in this case and provide to the Court any and all documents and information they have received pursuant to such subpoenas no later than March 12, 2014.

## II. Motion to Permit Expert Witness to Testify by Videoconference Call

Defendant has also filed a Motion to Permit Expert Witness to Testify by Videoconference Call. Defendant avers that he has "retained an expert witness who will testify regarding the issue as to whether or not the drug detection dog actually alerted." Mot. to Permit Expert Witness to Testify by Videoconference Call ¶ 2. The request for the testimony to be presented by videoconference is twofold: (1) "defendant is without sufficient resources to compensate the expert to appear in person," and (2) "the witness is unavailable to appear in person for the hearing." Id. ¶ 4.

The government objects to allowing the expert to testify by videoconference. As to the first reason the government points out that Defendant has the funds to privately retain two prominent defense attorneys and the funds to retain the expert himself. Gov. Resp. 2. As to the second reason, the government points out that since the suppression hearing has been continued we do not yet know whether the expert is available to appear in person at the hearing. Id. The government also adds that the expert's desire to avoid traveling to Erie is an insufficient reason to allow him to testify by video conference call. Id.

Given that we have not yet set a new date for the suppression hearing we will deny the motion without prejudice. We agree with the government that live testimony is not only preferred but that if we are to permit remote testimony it must be predicated on a showing of good cause and a compelling reason. We therefore encourage counsel and Defendant to put forth their best efforts to present live testimony from the expert in this case.

Accordingly, IT IS HEREBY ORDERED that the Motion to Permit Expert Witness to Testify by Videoconference Call is hereby DENIED without prejudice to reasserting the request prior to the suppression hearing.

March 4, 2014
Date

Maurice B. Cohill, Jr.
United States District Judge